IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PAUL EUGENE LEDKINS                                                    PLAINTIFF

            v.                Civil No. 3:24-cv-03027-TLB-MEF

MAYOR JERRY JACKSON;
JEREMY RAGLAND, Harrison City Council;
MITCH MAGNESS, Harrison City Council;
and LARRY PHILLIPS, Harrison City Council                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Paul E. Ledkins ("Ledkins") has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").   At the time he filed the Complaint, Ledkins was incarcerated in the Boone County Detention Center ("BCDC").

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").   Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a prisoner seeks to proceed IFP.   28 U.S.C. § 1915A(a).   The Court must determine whether the Complaint should be served on Defendants.

### I.      BACKGROUND

After a review of Ledkins' original Complaint, the Court entered an Order directing him to file an Amended Complaint.   (ECF No. 6).   The Court noted the original Complaint alleged the following claims: denial of necessary medication and medical care because of the cost; the amount of food he received was inadequate; he was unable to obtain legal supplies; he had been assaulted

by his enemies and was in fear for his life; and the toilet in his cell overflowed with sewage water daily.  (ECF No. 1).  Despite his claims, the Court noted he failed to specifically identify the individual or individuals at the detention center he contended were responsible for the alleged violations of his federal constitutional rights.  (ECF No. 6).  Further, Ledkins did not indicate how any of the named Defendants were involved in the alleged constitutional violations.  Ledkins was given specific instructions including that he "must affirmatively link the conduct of each named Defendant with the specific injury he suffered." *Id.*  If he failed to do so, Ledkins was advised that "the allegations against that Defendant will be dismissed for failure to state a claim." *Id.*  Ledkins was sent a court approved § 1983 form complaint to file his amended complaint on. *Id.*

Ledkins filed his First Amended Complaint on June 17, 2024.  (ECF No. 13).  Ledkins continued to assert that after he was placed in the BCDC his constitutional rights were violated in several ways, but he included no facts suggesting that any of the named Defendants were responsible for his conditions of confinement at the BCDC.  *Id.* at 5.  Ledkins also alleged an officer wrote up a false police report and had him arrested resulting in his incarceration for 35 days.  *Id.* at 4-5.  Ledkins referred the Court to two police reports which were not attached.  *Id.* at 4.  By the time he filed his First Amended Complaint, Ledkins was no longer incarcerated.  *Id.* at 1-2.

The First Amended Complaint did not comply with the Court's Order; as a result, on June 18, 2024, another Order was entered directing Ledkins to file a second amended complaint.  (ECF No. 14).  Ledkins was advised the First Amended Complaint was deficient in the following ways: (1) he failed to identify or name as a Defendant the police officer who allegedly made a false police

report against him; (2) he did not name as Defendants any individuals from the detention center who were allegedly responsible for the violation of his rights while he was incarcerated there; and (3) he failed to state how the named Defendants personally violated his federal constitutional rights.  *Id*.  Ledkins was again sent a court approved § 1983 complaint form for use in filing his second amended complaint.  *Id.*

On June 28, 2024, Ledkins filed his Second Amended Complaint.  (ECF No. 15).  He did not utilize the form complaint; instead, sending in four handwritten pages.  *Id.*  In the Second Amended Complaint, Ledkins states an officer, whose name no one will give him, had him arrested on April 6, 2024, on "some trump up false charges."  *Id.* at 1.  Ledkins asserts that he was never told anything about the charges.  *Id.* at 2.  Because he was poor and feared for his life, Ledkins did not ask for a public defender who he believed worked for the county court system.  *Id.*

When he arrived at the BCDC, Ledkins indicates he requested protective custody.  *Id.* Ledkins indicates he was placed in G-pod where he remained for 35 days.  *Id.*  Ledkins alleges that the toilet leaked in his cell at a rate of three to four gallons a day.  *Id.*  Each time he needed to go to the restroom, he had to walk through the sewage water.

When he was placed in the BCDC, Ledkins indicates he was on medication due to a foot surgery he had underwent on the day he was arrested.  (ECF No. 15 at 1).  He was charged $75 by the jail nurse during his incarceration.  *Id.*

Due to an allergy to beans, Ledkins states he was placed on a different diet than other inmates.  (ECF No. 15 at 2).  For lunch and dinner each day, Ledkins was given one bologna and cheese sandwich.  *Id.*  Ledkins indicates he lost 13 pounds.  *Id.*

The mattress Ledkins was initially given smelled strongly of urine and had yellow and

3

black stains all over it.   (ECF No. 15 at 2).   As a result, he slept on the cement floor.   *Id.*   He was eventually given a better mattress by an officer who had just started at the BCDC.   *Id.*

Finally, Ledkins indicates he is seeking to hold the mayor and city council responsible for what happened to him.   (ECF No. 15 at 3).   Further, he states he does not understand how to file all this and has no one to help him.   *Id.*   He hopes that the Court will provide him help.   *Id.*   He further states he has already filled out the "paper" he keeps receiving.   *Id.*   Ledkins states he "know[s] for a fact [his] rights have been violated."   *Id.*

## II.   LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based.   *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).   "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury,

4

and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III.    DISCUSSION

Neither Ledkins' First Amended Complaint nor his Second Amended Complaint contain any facts suggesting the named Defendants were involved in the alleged constitutional violations.[1] There are no factual allegations made against any of the named Defendants.   This deficiency is fatal to Ledkins' claims against the named Defendants as each individual defendant's § 1983 liability must be premised on that individual's own actions or inactions.   *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights").   The Court pointed out this deficiency to Ledkins twice and has allowed the filing of two amended complaints.   Without more specific allegations about what each Defendant knew, did, or failed to do, no viable cause of action is stated against the mayor or city council members.

## IV.    CONCLUSION

For these reasons, it is recommended that:

(1) Plaintiff's Second Amended Complaint (ECF No. 15) against the Defendants, Mayor Jerry Jackson and Council Members Jeremy Ragland, Mitch Magness, and Larry Phillips, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

(2) the Plaintiff is warned that, in the future, this dismissal may be counted as a strike for

---

[1] Arkansas law vests the county sheriff with "the custody, rule, and charge" of the jail in his or her county.   Ark. Code Ann. § 12-41-502.   The mayor or council members of the cities within the county have no control over the detention center.

purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g)

strike flag on the case for future judicial consideration.   And,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal

would not be taken in good faith.

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

6